**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| DAVID VARGAS, | § | |
| | § | |
|        Plaintiff, | § | |
| vs. | § | |
| | § | |
| | § | Civil Action |
| MERCK & CO., INC., JANET L. | § | No. C-06-501 |
| FERGUSON, STEPHANIE HANNIGAN, | § | |
| SCOTT A. FAUVER, CHRISTOPHER | § | |
| LYNN DAVIS, MARK K. JORDAN, | § | |
| SUSAN R. KERR, FRANCISCO | § | |
| RODRIGUEZ, DJEBI LOFTON, JACK | § | |
| PAUL JUDGE and CHRISTOPHER L. | § | |
| BLANKS, | | |
| | | |
|        Defendants. | | |

**ORDER OF REMAND**

On this day came on to be considered the Court's <u>sua</u> <u>sponte</u> review of its subject matter jurisdiction in the above-styled action. For the reasons stated herein, the Court finds that subject-matter jurisdiction is lacking, and the Court hereby REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Brooks County, Texas, where it was originally filed and assigned Cause No. 06-09-13699-CV.

**I.   Factual and Procedural Background**

Plaintiff David Vargas filed his Original Petition in state court on September 29, 2006. (D.E. 1, Notice of Removal, ¶ 1; Exh. B to Notice of Removal, Plaintiff's Original Petition ("Petition")). Plaintiff sued Merck & Co., Inc. ("Merck") and Merck sales representatives Janet L. Ferguson, Stephanie Hannigan, Scott A. Fauver, Christopher Lynn Davis, Mark K. Jordan, Susan R.

Kerr, Francisco Rodriguez, Djebi Loftin, Jack Paul Judge and Christopher L. Blanks (together, "Sales Representatives"). The Petition alleges that Plaintiff "suffered from serious and permanent injuries" as a result of taking Vioxx, a prescription medication manufactured by Defendant Merck. (Petition, ¶¶ V-VII). Plaintiff alleges several causes of action against Merck and the Sales Representatives, including negligence, fraud and breach of warranties. (Petition, ¶¶ VII-XII).

Merck was served with Plaintiff's Original Petition on October 12, 2006. (Notice of Removal, ¶ 1). On November 7, 2006, Merck removed the action to this Court, alleging diversity jurisdiction. (Id. at ¶ 3). Merck claims that the amount in controversy exceeds the jurisdictional requirement of $75,000, and the parties are diverse because Plaintiff is a citizen of Texas and Merck is a citizen of New Jersey.[1]  (Id. at ¶¶ 3, 8-12). Merck acknowledges that the Defendant Sales Representatives are, like Plaintiff, citizens of Texas, but Merck alleges that the Sales Representatives were improperly joined to defeat diversity. (Id. at ¶ 12). For the reasons stated below, the Court finds that the Sales Representatives were properly joined, and that the Court lacks subject-matter jurisdiction over this action.

_____

[1]Merck is a corporation organized under the laws of New Jersey and has its principal place of business in New Jersey. (Petition, ¶ 2; Notice of Removal, ¶ 11). Merck is accordingly a citizen of New Jersey for diversity purposes, pursuant to 28 U.S.C. § 1332(c)(1).

## II.   Discussion

### A.   Improper Joinder

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).    The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.   See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).    As there is no allegation of actual fraud in Plaintiff's Original Petition, Merck establishes improper joinder by demonstrating that there is no possibility of recovery by Plaintiff against the non-diverse Sales Representatives.   See Crockett, 436 F.3d at 532.   The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Boone, 416 F.3d

at 388; Smallwood, 385 F.3d at 573.  The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his state law] claim, but look[s] only for a possibility that the plaintiff might do so."   Guillory, 434 F.3d at 308. Ordinarily, if the plaintiff can survive the Rule 12(b)(6) type challenge, there is no improper joinder.  See Smallwood, 385 F.3d at 573.  If Merck fails to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction.  See 28 U.S.C. §§ 1332, 1447(c).

   B.   **Plaintiff Pleads a Possible Cause of Action Against the Sales Representatives**

Under Texas products liability laws, a non-manufacturing seller can be held liable for injuries caused by a product if (1) the seller actually knew of a defect to the product at the time the seller supplied the product; and (2) the plaintiff's injuries resulted from the defect.  See Tex. Civ. Prac. & Rem. Code § 82.003(a)(6) (Vernon 2003); see also Goss v. Schering-Plough Corp., 2006 WL 2546494, *2-3 (E.D. Tex. 2006).  Moreover, in a lawsuit involving failure to provide adequate warnings, a distributor of a pharmaceutical product can be held liable if the distributor "withheld from or misrepresented to the United States Food and Drug Administration required information that was material and relevant to the performance of the product and was causally related to the

[plaintiffs'] injury[.]"   Tex. Civ. Prac. & Rem. Code §
82.007(b)(1).

The Court reiterates that the party seeking removal bears a
heavy burden of proving improper joinder, and that the Court must
find proper joinder if there is <u>any possibility</u> that the Plaintiff
has stated a cause of action against the in-state defendants. <u>See</u>
<u>Smallwood</u>, 385 F.3d at 573-74.  Plaintiff alleges that the Sales
Representatives, who may fall within the definition of non-
manufacturing sellers under Texas Civil Practice & Remedies Code §
82.001, knew or should have known about risks associated with
Vioxx.   <u>See</u> Petition, ¶ VII (stating "Defendants ... promoted,
marketed, advertised, or sold, and placed in the stream of commerce
Vioxx, which [they] knew, or ... should have known was highly
harmful to Plaintiff's health and well being."); <u>see</u> <u>also</u> Tex. Civ.
Prac. & Rem. Code § 82.001(3) ("'Seller' means a person who is
engaged in the business of distributing or otherwise placing, for
any commercial purpose, in the stream of commerce for use or
consumption a product or any component part thereof.").  Plaintiff
further alleges that the risks associated with Vioxx were not made
known to him, and that Defendants' failure to warn caused the
Plaintiff's injuries.   (Petition, ¶ VII).   Construing these
allegations liberally in the light most favorable to Plaintiff, the
Court concludes that Plaintiff could conceivably recover against
the in-state Sales Representatives pursuant to Tex. Civ. Prac. &

Rem. Code § 82.003(a)(6).[2]   Thus, Plaintiff survives the Rule
12(b)(6) type challenge, and as long as Plaintiff could conceivably
recover damages from the Sales Representatives, the Court must
remand this action.  See Smallwood, 385 F.3d at 573.

### C.   The Learned Intermediary Doctrine

Merck argues that because of the learned intermediary
doctrine, the Sales Representatives did not owe a legal duty to
warn the Plaintiff of the risks associated with Vioxx. (Notice of

---

[2]The Court notes that while Merck's Notice of Removal sets
forth numerous arguments as to why Plaintiff cannot recover against
the Sales Representatives under various theories, Merck makes no
attempt to show that Plaintiff cannot recover from the Sales
Representatives under Texas' products liability laws. Further, the
Court notes that it finds unpersuasive Merck's argument that
Plaintiff has not plead sufficient factual allegations against the
Sales Representatives in his Petition. To the contrary, Plaintiff
makes numerous factual allegations against the Sales
Representatives, including allegations (1) that the Sales
Representatives marketed, advertised, sold, or placed into the
stream of commerce drugs they knew or should have known were
harmful to Plaintiff's health; (2) that the Sales Representatives
misrepresented and/or actively concealed Vioxx's problems from
Plaintiff, the health care industry, and the consuming public; and
(3) that the Sales Representatives were in the business of
profiting from the sales of Vioxx. (Petition, ¶¶ VII, IX, XI).
Finally, the Court also finds unpersuasive Merck's argument that
Plaintiff cannot recover against the Sales Representatives because
their alleged actions were made in the scope of their employment
for Merck. The very case cited by Merck in support of its argument
states that in Texas, an individual employee can be held liable for
negligence when that individual "owes an independent duty of
reasonable care to the injured party apart from the employer's
duty." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,
313 F.3d 305, 315 (5th Cir. 2002) (citing Leitch v. Hornsby, 935
S.W.2d 114, 117 (Tex. 1996)). As detailed above, pursuant to Texas
Civil Practice & Remedies Code § 82.003(a)(6), the Sales
Representatives may have been under an independent duty to warn
Plaintiff of Vioxx's dangers.

Removal, ¶ 17).[3]   The Court finds this argument unpersuasive.

Under the Texas learned intermediary doctrine, a pharmaceutical manufacturer is excused from warning each patient who receives the medication when the manufacturer properly warns the prescribing physician of the medication's dangers.   <u>See Porterfield v. Ethicon, Inc.</u>, 183 F.3d 464, 467-68 (5th Cir. 1999). The rationale is that the pharmaceutical manufacturer can rely on the prescribing physician –- the learned intermediary –- to pass on its warnings to the patient.   <u>See</u> <u>id.</u> at 468.   However, even assuming that the Texas learned intermediary doctrine does apply to pharmaceutical sales representatives, when the warning to the learned intermediary –- the prescribing physician -- is inadequate or misleading, the manufacturer and its sales representatives

---

[3]In support of its argument, Defendant Merck indicates that the United States District Court for the Eastern District of Pennsylvania found that pharmaceutical "sales representatives were fraudulently joined in a suit against the pharmaceutical manufacturer."   (Notice of Removal, ¶ 17, citing <u>In re Diet Drugs Prods. Liab. Litig.</u>, 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002)). However, this case dealt with a different drug, and it addressed Mississippi, rather than Texas law.   The case is not binding on this Court, and this Court finds it distinguishable from the instant case.   Merck also cites to <u>Air Shields, Inc. v. Spears</u>, 590 S.W.2d 574, 582 (Tex. Civ. App.--Waco 1979) for the proposition that "the duty to adequately warn is that of Merck, not of the Sales Representative Defendants."   (Notice of Removal, ¶ 17). However, the <u>Air Shields</u> case has nothing to do with the learned intermediary doctrine, and there are no sales representatives or comparable parties involved in the case.   Rather, the case deals with an infant who became blind after being exposed to too much oxygen in an incubator, and the court found that the incubator's manufacturer had a duty to warn the hospital of the incubator's dangers.

remain liable for injuries sustained by the patient who is prescribed the medication.  See Porterfield, 183 F.3d at 468.

Examining allegations in the Petition in the light most favorable to the Plaintiff, the Court concludes that the learned intermediary doctrine does not preclude the Plaintiff from seeking damages from the Sales Representatives.  Plaintiff alleges that all Defendants (*including the Sales Representatives*) "made misrepresentations and actively concealed adverse information when Defendants knew, or should have known" of the dangers associated with Vioxx.  (Petition, ¶ IX).  Plaintiff also alleges that all Defendants, again including the Sales Representatives, made these misrepresentations and concealed information from "Plaintiff, the health care industry, and the consuming public".  (Id.).  These allegations put the Sales Representatives outside the protective realm of the learned intermediary doctrine, because misrepresentations to the health care industry mean inadequate warnings to health care providers, including doctors, and the learned intermediary doctrine is applicable *only when adequate warnings were provided*.[4]  Accordingly, in this case, the Court finds that the learned intermediary doctrine does not preclude potential liability of the Sales Representatives, based upon the failure to warn allegations Plaintiff makes in his Petition.

_____

[4]See Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., 413 F.3d 897, 901 (8th Cir. 2005) (finding that doctors are health care providers).

## III. <u>Conclusion</u>

For the reasons stated above, Defendant Merck has not met its heavy burden of showing improper joinder.  Therefore, there is not complete diversity between the parties, and the Court does not have subject-matter jurisdiction over this action.  <u>See</u> 28 U.S.C. § 1332.  This action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Brooks County, Texas, where it was originally filed and assigned Cause No. 06-09-13699-CV.

SIGNED and ENTERED this 1st day of December, 2006.

_____
Janis Graham Jack
United States District Judge